**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Montenegro Cruz,<br><br>          Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>          Respondents. | No. CV-13-0389-TUC-JGZ<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

Pending before the Court is a motion to intervene under Federal Rule of Procedure 24(b) and to expand the record under Rule 7 of the Rules Governing Section 2254 Cases. (Doc. 85.) The motion is filed by Petitioner's former state trial counsel, Brick Storts ("Movant"), on his own behalf. Movant previously filed a motion for leave to file a motion to expand the record in this case (Doc. 79), which was stricken (Doc. 82). Petitioner has filed a brief in opposition. (Doc. 88.)

Federal Rule of Civil Procedure 24 applies to motions to intervene in habeas corpus petitions. Movant provides no grounds for disturbing the Court's finding that Movant fails to demonstrate a protectable interest in the case which would give him the right to intervene pursuant to Rule 24(a). *See* (Doc. 82 at 1). Assuming theoretically that Movant may be charged with violations of Arizona's Rules of Professional conduct based on his representation of Petitioner in the underlying state court criminal proceeding, the disposition of post-conviction proceedings concerning the ineffective assistance of counsel is not dispositive on whether counsel violated Arizona's ethical rules. *Cf. In re Wolfram*,

174 Ariz. 49, 53 (1993) (holding that the Arizona Supreme Court independently examines the record to determine, under the proper standard, the existence of those facts salient to the disciplinary matter and whether those facts, even if identical to those established in the post-conviction proceedings, warrant discipline).

Movant invokes Rule 24(b)(1)(B), which provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." The Ninth Circuit has established three necessary prerequisites for allowing permissive intervention pursuant to Rule 24(b): "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999) (quoting *League of United Latin Amer. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir.1997)). Other relevant factors a court may consider include:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case. The court may also consider . . . whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

Though Movant asserts he "is a party that has an interest" in this case, specifically his professional reputation and integrity, he has not set forth, as Rule 24(b)(1)(B) requires, a specific claim or defense he seeks to litigate. *See also* Rule 24(c) ("The motion [to intervene] must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought."). Further, Movant cannot establish an independent basis for jurisdiction over any unspecified claims. *Cf.* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant

to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Finally, having considered Movant's arguments in addition to the relevant factors set forth in *Spangler*, the Court finds no other factors favoring intervention in this case. Intervention would undoubtedly prolong or unduly delay this litigation and would not significantly contribute to full development of the underlying factual issues in the suit or to the just and equitable adjudication of the legal questions presented. To the extent the documents for which he seeks to expand the record may be relevant to the issues to be decided by the Court following the scheduled evidentiary hearing, the documents have been disclosed to both parties during Movant's deposition (*see* Doc. 85 at 3) and the parties may decide to offer such evidence at the hearing, should they elect to do so.

Accordingly,

IT IS HEREBY ORDERED denying with prejudice the motion to intervene and expand the record. (Doc. 85.)

Dated this 2nd day of April, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge